Evelyn E. BOLLINGER, Appellant,

v.

Edward Lynn BOLLINGER, Appellee.

No. 2–57222.

Supreme Court of Iowa.

Feb. 19, 1975.

The parties were married in 1957. Their two children appear from the scant record presented to have a good relationship with both parents. Typically there is something to be said for the claim of both father and mother that they are in a better position to provide custody for the children. Both children, a son and daughter, are adopted. The daughter is an overweight child who requires a special diet. The son suffers allergies for which he requires inoculations. Both children show the effects of nervous stress.

During most of the marriage petitioner was a housewife although during the past few years she started and conducted a part-time interior decorating service. An excellent housekeeper, she prepared special meals for the overweight daughter and was able to give the allergy inoculations to the son. Respondent is a high school principal who is a devoted father.

I. Our responsibility is to apply the general principles outlined in In re Marriage of Bowen, 219 N.W.2d 683, 687–688 (Iowa 1974). They need not be repeated here. Without describing the personal characteristics of the parties in detail we reach the same conclusion as the trial court.

Respondent-father has demonstrated he is more stable than petitioner. We are persuaded petitioner is considerably less mature in her approach to parental responsibility than respondent. This was demonstrated by testimony petitioner admitted feeling trapped by the children, that she could not stand respondent or the children and that she did not sufficiently have a parental interest in her home or family. It was further demonstrated by a clandestine relationship with another man.

The criteria in *Bowen*, supra, are no way punitive to either parent but are directed only to the long-range best interest of the children involved. We agree with the trial court those interests demand placement of the children with respondent.

William N. Dunn Law Firm, Eldora, for appellant.

Barker, Hansen & McNeal, Iowa Falls, for appellee.

Heard before MOORE, C. J., and RAWLINGS, UNLENHOPP, HARRIS and McCORMICK, JJ.

HARRIS, Justice.

In this appeal from a dissolution of marriage decree the mother challenges the trial court's determination custody of the children should be placed with the father. She also seeks an increase in allowance of attorney's fees. We affirm the trial court's award of custody. We agree additional attorney's fees should have been allowed.

II. Petitioner's second assignment concerns the adequacy of the award for her attorney fees. The trial court awarded her $350. Petitioner's attorney stated he had spent 26 hours preparing the case with additional out of pocket expenses. Factors to be considered in fixing attorney fees were discussed in In re Marriage of Jennerjohn, 203 N.W.2d 237, 245 (Iowa 1972). In the light of the seriousness of the litigation and the services performed we believe the fee fixed by the trial court was inadequate. We believe respondent should be required to pay $750 toward the fee for petitioner's attorney. It is ordered that the decree be modified so as to increase the amount of petitioner's attorney fees to $750.

Costs on appeal are taxed equally to the parties. As so modified judgment of the trial court is

Modified and affirmed.